IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAYMOND COLON,
    Plaintiff,
    v.
SUPERINTENDENT GERALD ROZUM,
S.C.I. SOMERSET, et al.
    Defendants

Case No. 3:07-cv-225-KRG-KAP

Report and Recommendation

Recommendation

The remaining defendant in this matter has filed a motion to dismiss. docket no. 17. It should be granted.

Report

Plaintiff, an inmate at S.C.I. Somerset, alleged that defendant Irwin, a Pennsylvania Department of Corrections employee in the prison cafeteria, assaulted and sexually harassed him on January 25, 2007. Irwin moved to dismiss the complaint for failure to exhaust administrative remedies and because the allegations fail to allege a federal claim. docket no. 17. Plaintiff responded. docket no. 19. Irwin is correct on both scores.

I

Plaintiff's allegations, taking the complaint at its most favorable and as supplemented by the grievance plaintiff alleges he filed on January 29, 2007, are that Irwin used abusive language and grabbed plaintiff's arm during an argument over plaintiff's work assignment in the cafeteria. docket no. 19-2 Exhibit at 7. There is no federal cause of action for a de minimis use of force. Smith v. Mensinger, 293 F.3d 641, 648 (3d Cir.2002). Corrections

officers can use force, including deadly force, to maintain order, Whitley v. Albers, 475 U.S. 312, 321-22 (1986), but even where there is no reason to believe that the use of force was necessary, a use of force still must cause more than de minimis injury to violate the Eighth Amendment. See Hudson v. McMillian, 503 U.S. 1 (1992); see also Hope v. Pelzer, 536 U.S. 730, 738 (2002). Here the alleged use of force was de minimis and did not allegedly cause even de minimis injury.

## II

Even if plaintiff alleged a claim, this court could not hear it because plaintiff did not exhaust the available grievance procedures, either the general grievance procedure established by DC-ADM 804, or the policy specifically for handing reports of inmate abuse, DC-ADM 001. It is defendant's burden to plead nonexhaustion as a defense and to prove that plaintiff did not exhaust the remedies available under that system. Jones v. Bock, 549 U.S. 199 (2007).

Exhaustion is mandatory before an inmate files a federal lawsuit, because the Prison Litigation Reform Act of 1996 amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.§ 1997e(a), to state:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion of remedies by an inmate must take place regardless of the adequacy of the administrative process. Booth v. Churner, 532 U.S. 731, 734 (2001). Failure to exhaust administrative remedies in accordance with the prison's requirements constitutes procedural default barring a subsequent civil claim in federal court. Woodford v. Ngo, 548 U.S. 81 (2006). It is not in dispute that the Pennsylvania Department of Corrections has an administrative procedure for complaints by inmates about their conditions of confinement, see Spruill v. Gillis, 372 F.3d 218 (3d Cir.2004)[1].

Irwin contends that there were no grievances filed over this alleged incident, that although plaintiff claims he filed a grievance he did not, and that the first time the incident was reported was more than a year later when the plaintiff filed a private criminal complaint against Irwin. docket no. 17-3, Sroka Declaration. Even plaintiff's own evidence of a grievance he filed over an unrelated matter in December 2007, docket no. 19-2,

---

1. DC-ADM 804 permits an inmate to express complaints "related to a problem encountered during the course of his/her confinement," DC-ADM 804 §IV-I, unless those problems relate to disciplinary procedures (DC- ADM 801), administrative custody (DC-ADM 802), or inmate mail and incoming publications (DC-ADM 803), which are the subject of separate procedures. The process begins with a complaint filed by the inmate, an investigation by the prison's grievance coordinator, and a written response to the inmate. An appeal is allowed and review is based on the record made at the institutional level by the grievance coordinator. There is a final review available which also is based on the record made at the institutional level. Holloway v. Lehman, 671 A.2d 1179, 1181 (Pa.Cmwlth.1996)

Exhibits at 3, shows that when a grievance is filed it receives a number and is responded to by an employee of the Pennsylvania Department of Corrections. Plaintiff asserts this did not happen with his grievance dated January 29, 2007, because "when you file a grievance in the R.H.U. ... it will never get received by the facility grievance coordinator," docket no. 19-1 at 1, but even if this was so in his case one would expect some follow up. An inmate is only responsible for making reasonable efforts to exhaust the grievance system, see Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir.2000), but even accepting plaintiff's account of the matter plaintiff's efforts would not be reasonable. His complaint should be dismissed in its entirety.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 17 November 2008

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Raymond Colon GE-6774
S.C.I. Somerset
1600 Walters Mill Road
Somerset, PA 15510